UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:09-cr-0182 (L/F) |
| | ) | |
| WALTER POWELL, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable William T. Lawrence, Judge, on January 14, 2011, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on January 12, 2011; Supplemental Petition for Warrant or Summons for Offender Under Supervision, filed January 24, 2011; and Second Supplemental Petition for Warrant or Summons for Offender Under Supervision, filed March 28, 2011, and to submit to Judge Lawrence proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). Proceedings were held on February 8, 2011, August 30, 2011 and February 7, 2012, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18 U.S.C. Subsection 3401(e).

On February 8, 2011, Mr. Powell appeared in person with his appointed counsel, Mike Donahoe, Office of the Indiana Federal Community Defender, for Bill Dazey, Office of Indiana Federal Community Defender. The government appeared by Gayle Helart, Assistant United States Attorney. U. S. Parole and Probation appeared by Troy Adamson, U. S. Parole and Probation officer, who participated in the proceedings. This hearing was in regard to the Petitions filed January 12, 2011 and January 24, 2011.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. Mike Donahoe, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Powell in regard to the pending Petitions for Revocation of Supervised Release.

2. Copies of the Petition for Revocation of Supervised Release and the Supplemental Petition for Revocation of Supervised Release were provided to Mr. Powell and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. Powell was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Powell was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Powell was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Powell had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Lawrence's designation.

7. Mr. Donahoe stated that Mr. Powell would stipulate there is a basis in fact to hold him on the specifications of violation of supervised release set forth in the Petition. Mr. Powell executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Mr. Powell, by counsel, stipulated that he committed the specified violations as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, and the Supplemental Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

**Petition for Warrant or Summons for an Offender Under Supervision, filed January 12, 2011:**

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not possess/use a computer unless he agrees to comply with the Computer Restriction and Monitoring Program at the direction of the probation officer. Monitoring will occur on a random or regular basis. The defendant shall advise the probation office of all computers available to him for use. Any computer or Internet-enabled device the defendant is found to have used and has not disclosed shall be considered contraband and may be confiscated by the probation officer. The defendant shall warn other occupants of the existence of the monitoring software placed on his computer."** |

On January 5, 2011, the probation officer conducted a search of the offender's residence and found the offender to have a computer with active unrestricted internet service. The defendant admitted the computer was his and it was confiscated.

On January 10, 2011, the probation officer checked the offender's Facebook page which reflected he had accessed his account numerous times since his computer was confiscated.

**2** **"The defendant shall not possess any pornography, erotica or nude images. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer."**

On January 5, 2011, the probation officer conducted a search of the offender's residence and found two adult pornographic DVD movies and nine adult pornographic images on his computer. Some fo the images contained lascivious exhibition of female genitalia.

**3** **"The defendant shall abstain from the use of alcohol."**

On January 5, 2011, the probation officer conducted a search of offender's residence and found two full beer bottles in his refrigerator; an empty beer bottle in the refrigerator; an empty beer bottle in the bathroom trash; and two large trash bags on his porch full of empty beer bottles. The offender admitted he had been drinking "a little."

On January 17, 2010, the probation officer conducted a home contact with the offender. The offender was present with a third party who was sleeping in a chair in his living room. The char was surrounded by empty beer cans. The probation officer also discovered a brown paper bag behind the offender's front door that was full of beer cans. The offender admitted they were up until 4 a.m. playing guitar and drinking.

On October 22, 2009, the probation officer conducted a home contact with the offender. The probation officer detected the odor of alcohol emanating from the offender. The offender admitted he was out with a friend until 4 a.m. and consumed approximately 12 beers.

| 4 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician."** |
|---|---|
| 5 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.** |
| 6 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

On January 5, 2011, the probation officer conducted a search of the offender's residence and found a bag containing marijuana. The offender admitted to the probation officer he used marijuana during the month of November 2010.

As previously reported to the Court in the Eastern District of Kentucky, the offender submitted a urine sample which tested positive for cocaine on October 5, 2009. The offender denied using cocaine, but admitted to recent marijuana use. The urine sample was sent for additional testing, and was confirmed positive for cocaine use.

| 7 | **"The defendant shall report to the probation officer and shall submit a truthful and complete written monthly report within the first five days of each month."** |
|---|---|

The offender submitted a monthly supervision report fort he month of November 2010 which he answered "no" to the question, "Did you possess or use any illegal drugs." On January 5, 2011, the offender admitted to the probation officer he used marijuana during the month of November 2010.

**Supplemental Petition for Warrant or Summons for Offender Under Supervision, filed January 24, 2011:**

| Violation Number | Nature of Noncompliance: |
|---|---|
| 8 | **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."** |

> On January 10, 2011, the probation officer checked the offender's Facebook page which reflected he had corresponded on January 14, 2011, with Douglas Charles. Douglas Charles has felony convictions in Wayne County, Indiana, for theft and dealing in cocaine, and was released from parole in August 2009. The defendant does not have permission to associate with this felon.

Counsel for the parties stipulated the following:

(1) Mr. Powell and the government agreed they were ready to proceed to disposition on the pending Petition to revoke supervised release in open Court this date.

(2) Mr. Powell admitted he committed the violations of specifications set forth in the Petition and the Supplemental Petition stated above.

(3) Mr. Powell has a relevant criminal history category of III. *See*, U.S.S.G. §7B1.4(a).

(4) The most serious grade of violation committed by Mr. Powell constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

(5) Pursuant to U.S.S.G. §7B1.4(a), upon revocation of supervised release the range of imprisonment applicable to Mr. Powell is 8-14 months.

The proceedings were then adjourned pending disposition.

On March 28, 2011, a Second Supplemental Petition for Warrant or Summons for Offender Under Supervision was filed.

On August 30, 2011, the defendant appeared in person and by appointed counsel, Mike Donahoe, for a disposition hearing. The government was represented by Gayle Helart, Assistant

United States Attorney; and U. S. Parole and Probation appeared by Troy Adamson, U. S. Parole and Probation officer. The following proceedings occurred:

1. Mr. Powell, by counsel, stipulated that he committed specifications of violations set forth in the Second Supplemental Petition for Warrant or Summons for Offender Under Supervision, filed March 28, 2011, as follows:

**Second Supplemental Petition for Warrant or Summons for Offender Under Supervision, filed March 28, 2011:**

| Violation Number | Nature of Noncompliance |
|---|---|
| 9 | **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."** |
| | On March 18, 2011, the probation officer received a police report from the Richmond, Indiana, Police Department, which indicated the offender was with Jeremy Reed and Cecil Marcum. When officers arrived at 115th N. 12th Street in Richmond, the defendant was present while Reed and Marcum were taking parts off a stolen motorcycle. Jeremy Reed provided police with the alias name of David Powell. Mr. Reed is on state parole for theft of auto parts and was also wanted in Hancock County, Indiana, for escape. Cecil Marcum has a felony conviction in Wayne County Indiana, for battery. Police located additional stolen property inside the residence. Reed and Marcum were arrested and charged with possession of stolen property. The defendant was not charged with any criminal conduct, but does not have permission to associate with these felons. |

The Court placed Mr. Powell under oath and directly inquired of him whether he admitted specification of violation alleged above. The Court now finds there is a basis in fact for his admission and accepts same.

A hearing was held. Disposition of the case was held in abeyance until the next scheduled hearing.

On February 7, 2012, the Court reviewed prior proceedings held on February 8, 2011 and August 30, 2011, including the defendant's right to a preliminary hearing. Mr. Powell appeared in person with court-appointed counsel, Mike Donahoe. The government was represented by Gayle Helart, Assistant United States Attorney; and United States Parole and Probation appeared by Troy Adamson, who participated in the proceedings. The following occurred:

1. Mr. Powell, by counsel, stipulated that he committed specifications of violations set forth in the Second Petition for Warrant or Summons for Offender Under Supervision, filed March 28, 2011, as follows:

(a) The parties agreed on the appropriate disposition of the case as follows:

The defendant be continued on his previously-ordered supervised release for life.

The Magistrate Judge informed the defendant and the parties' respective counsel that the Magistrate Judge would accept the parties' stipulations.

9. The Court then placed Mr. Powell under oath and inquired directly of him whether he admitted committing the violations of supervised release contained in the Petitions. Mr. Powell admitted the violations.

The Court, having heard the admissions of the defendant, the stipulations of the parties, the arguments and discussions on behalf of each party, and based on the totality of the facts and circumstances, **FINDS** that the defendant, Walter Powell, violated the above-delineated conditions in the Petitions.

Mr. Powell's supervised release is therefore **CONTINUED ON SUPERVISED RELEASE FOR LIFE** under the previously-ordered conditions.

The Magistrate Judge requests that Troy Adamson, U. S. Parole and Probation Officer, prepare for submission to the Honorable William T. Lawrence, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Powell stipulated in open Court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72.b, *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U. S. District Court for the Southern District of Indiana.*

You are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. You shall have within 14 days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation continuing Mr. Powell on his previously-imposed supervised release conditions.

**IT IS SO RECOMMENDED** this 13th day of February, 2012.

                                                    Kennard P. Foster, Magistrate Judge
                                                    United States District Court

Distribution:

Gayle Helart,
Assistant United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Mike Donahoe,
Office of Indiana Federal Community Defender
One Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal