UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:09-cr-0182-WTL-KPF |
| | ) | |
| WALTER POWELL, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On July 1, 2015, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on April 20, 2015.  Defendant Powell appeared in person with his appointed counsel, Joseph Cleary.  The government appeared by MaryAnn Mindrum, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Troy Adamson.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.    The Court advised Defendant Powell of his rights and provided him with a copy of the petition.  Defendant Powell waived his right to a preliminary hearing.

2.    After being placed under oath, Defendant Powell admitted violations 1, 2, 3, and 7 (in part).  [Docket No. 32.]

3.    The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |

On March 5, 2015, the offender was arrested in Richmond, Indiana, for operating a vehicle while intoxicated with a blood alcohol content of .08 or more, and operating a vehicle with a scheduled I or II controlled substance or its metabolite in the body, both felonies. The offender is charged in Wayne County under cause number 89D03-1503-F-000065.

The police report indicated the offender was observed driving without headlights at night and not having a working license plate light. The police officer stopped the vehicle and smelled alcohol emanating from Mr. Powell. The offender failed the field sobriety tests and tested .08 percent on a breathalyzer. Mr. Powell later tested positive for opiates and had a blood alcohol content of .11 percent via plasma. The offender posted bond on March 10, 2015, and was released pending further court proceedings.

| | |
|---|---|
| 2 | **"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."** |

On April 10, 2015, the probation officer met with the offender at his residence. The offender advised he was arrested on March 5, 2015, for the above-charges. Mr. Powell advised he was too afraid to tell the probation officer until now and also claimed he did not have the probation officer's phone number.

| | |
|---|---|
| 3 | **"The defendant shall abstain from the use of alcohol."** |

On March 5, 2015, the offender was arrested in Richmond, Indiana, for operating a vehicle while intoxicated with a blood alcohol content of .08 or more. According to the police report, the offender admitted he had been drinking at a bar.

As previously reported to the Court, the probation officer conducted a home contact with the offender on December 10, 2010. The offender was present with a third party who was sleeping in a chair in his living room. The chair was surrounded with empty beer cans. The probation officer also discovered a brown paper bag behind the offender's front door that was full of beer cans. The offender admitted they were up until 4 a.m., playing guitar and drinking.

>As previously reported to the Court, the probation officer conducted a search of the offender's residence on January 5, 2011, and found two full beer bottles in his refrigerator; an empty beer bottle in the bathroom trash; and two large trash bags on his porch full of empty beer bottles. The offender admitted he had been drinking "a little".

7   **"The defendant shall not possess/use a computer unless he agrees to comply with the Computer Restriction and Monitoring Program at the direction of the probation officer. Monitoring will occur on a random or regular basis. The defendant shall advise the probation officer of all computers available to him for use. Any computer or Internet-enabled device the defendant is found to have used and has not disclosed shall be considered contraband and may be confiscated by the probation officer. The defendant shall warn other occupants of the existence of the monitoring software placed on his computer."**

>As previously reported to the Court, the probation officer conducted a search of the offender's residence on October 3, 2014, and located a gaming system capable of accessing the Internet. The gaming system required a four digit pin number which the offender claimed he did not know, and did not access; however, a review of searches on the gaming system revealed Facebook and other searches likely attributable to the offender.

4. Violations 4, 5, 6, 7 (in part), and 8 were previously admitted [Dkt. 28]. Government orally moved to dismiss violation 9 and the Court granted the same.

5. The parties stipulated that:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is III.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months' imprisonment.

6. Probation recommended revocation and a sentence in the 8-14 month range. The U.S. Attorney's Office argued for revocation and a sentence greater than 14 months. Finally, Defendant agreed that revocation was appropriate but requested a lesser sentence involving home detention in light of the 24 months Defendant received in the state court proceeding.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 14 months, followed by lifetime supervision. The Defendant is released pending the District Judge's action on this Report and Recommendation.  Defendant is to self-surrender pending designation by the Federal Bureau of Prisons.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated:   07/02/2015

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal